**ORIGINAL**

# In the United States Court of Federal Claims

No. 09-869 C
Filed: April 10, 2015

FILED
APR 10 2015
U.S. COURT OF
FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

BENJAMIN GAL-OR, DR. VALERY
SHERBAUM, and DR. MICHAEL
LICHTSINDER,

    Plaintiffs, *pro se*,

v.

THE UNITED STATES,

    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

RCFC 41(b) (Failure To Prosecute or to Comply With Court Orders).

## ORDER DISMISSING CASE

This *pro se* case was filed in the United States Court of Federal Claims on December 16, 2009, alleging "unjust enrichment," "eminent domain and/or easement," and "intellectual property law" claims. On February 28, 2011, the first judge assigned to this case issued an Order dismissing the Complaint for the following reasons: lack of subject matter jurisdiction over the takings claims; the patent claims were untimely; and as for the timely patent claims, Mr. Gal-Or, the original Plaintiff, did not have standing to sue, because the Complaint, as amended, failed to join the co-owners of the patent in suit. *See Gal-Or v. United States*, 97 Fed. Cl. 476, 478 (2011). Plaintiffs appealed.

On February 9, 2012, the United States Court of Appeals for the Federal Circuit affirmed the court's patent infringement decision, except for the patent claim relating to the production of drone aircraft in 2005, and vacated and remanded the case for the trial court to determine whether Plaintiffs' takings claim was timely and whether the co-inventors must be joined in this suit. *See Gal-Or v. United States,* 470 Fed. App'x 879, 883–85 (Fed. Cir. 2012).

On July 2, 2012, the court issued an Order joining Drs. Sherbaum and Lichtsinder as plaintiffs in the remaining patent infringement cases; they expressly declined to join the trade secret claim. Dkt. No. 37.

On September 6, 2012, Plaintiff filed a Motion requesting that the Chief Judge reassign this case. Dkt. No. 39. On September 18, 2012, Plaintiffs filed another Motion for Reassignment and a Motion for "Relief From Immunity By Determining Sanction Motions." Dkt. No. 42. On

October 2, 2012, this case was assigned to another judge of the United States Court of Federal Claims, pursuant to RCFC 40.1. Dkt. No. 44.

On January 14, 2013, Plaintiffs filed a Motion for Reconsideration of Dkt. 44 and a "Relief Motion From Immunity Against Rules 11 and 83.2 as submitted to CFC Standing Panel." Dkt. No. 47. On January 14, 2013, Plaintiffs also filed a "Response to/Reconsideration–In-Part Motion of Order 46, pursuant to Rule 46 and/or 60(b)."

On March 13, 2013, Plaintiffs filed a "Response to Dismiss CFC-38 and CFC-50," with the Chief Judge. On March 21, 2013, the court issued an Order denying an August 15, 2012 Motion to Dismiss by the Government, because the Plaintiffs, as citizens of foreign nations, were required to provide evidence of "reciprocity" under 28 U.S.C. § 2502(a). In addition, the court denied Plaintiffs' January 14, 2013 Motion for Reconsideration of the court's October 2, 2012 reassignment of the case and setting of a briefing schedule requiring Plaintiffs to identify by April 15, 2013 "with specificity the 25 timely confidentially maintained trade secrets that they assert are the basis for the takings claims," together with related information. Dkt. No. 53.

On April 16, 2013, this case was reassigned to the undersigned judge.

On April 17, 2013, Plaintiffs filed a "Re-Assignment Motion, AND Deny CFC-38/50 Motion AND Brief Ordered By CFC-53." Dkt. No. 56.

On November 21, 2013, the court issued a Memorandum Opinion and Order granting-in-part and denying-in-part the Government's August 15, 2012 Motion To Dismiss. *See Gal-Or v. United States*, 113 Fed. Cl. 540 (2013).

Therein, the court denied the Government's August 15, 2012 Motion to Dismiss for failure to satisfy to reciprocity requirements of 28 U.S.C. § 2502(a), but granted the Motion dismissing the trade secret claims alleged in the August 2, 2010 Amended Complaint. The claim for infringement of the '431 patent because of the Government's 2005 alleged use in a Joint-Controlled Aircraft Recovery project was not dismissed.

On December 6, 2013, Plaintiffs filed a Notice of Appeal. On June 12, 2014, the United States Court of Appeals for the Federal Circuit dismissed that Notice. Dkt. No. 62.

On June 20, 2014, Plaintiffs filed a Motion for the court to reconsider the court's November 21, 2013 Memorandum Opinion and Order. Dkt. No. 63.

Because Plaintiffs were *pro se*, and the case concerned patent claims, on July 14, 2014, the court issued an Order directing the Clerk to provide Plaintiffs with a list of attorneys admitted to

the bar of the United States Court of Federal Claims who had agreed to handle *pro se* cases. The Order specifically contained the following disclaimer:

> The court provides this list solely for Mr. Gal-Or's reference. This list does not constitute a recommendation on the part of the court and Mr. Gal-Or is under no obligation to contract any of these attorneys.

Order, Dkt. No. 64.

On August 4, 2014, Plaintiffs filed a Second Amended Complaint and Motion to Reassign the case, stating:

> S. Braden, contacted plaintiff by email to immediately give up his almost 5-YEARS solid litigation as PRO SE, . . . and be immediately replaced by HER SELECTED specific PATENT ATTORNEY, whom she had contacted earlier, and who agreed to so immediately replace plaintiff in this CFC case 09-869. [In addition,] 3rd judge Braden has deliberate resorted to about 18 hostile mooting of key filed evidence in her 18 Clear Errors in CFC-59 Order-Rulings, which are mostly hostile-mooting of filed evidence that diametrically contradicts her said rulings . . . In addition, said replacement emails sent to plaintiff's email by her legal assist, were next totally removed from plaintiff's sole galorbenjamin@gmail.com email before he was able to copy them into this Motion.

Dkt. No. 65.

On August 18, 2014, the Government filed an Opposition to Plaintiffs' August 14, 2014 "Amended Complaint II and Reassignment Motion." Dkt. No. 66. On August 26, 2014, the court filed an Order requesting a Joint Status Report and Schedule on or before September 30, 2014.

On August 27, 2014, Plaintiffs filed an "*En Banc* Summary Judgment Motion." Dkt. No. 68.

On September 30, 2014, the Government filed a Status Report, together with a proposed schedule for a claim construction hearing "as soon as practicable after April 20, 2015," together with emails evidencing unsuccessful efforts to communicate with Plaintiffs.

On October 1, 2014, the Government filed a Response to Plaintiffs' August 27, 2014 Motion For *En Banc* Summary Judgment.

On October 14, 2014, the court entered a Scheduling Order in this case. By January 19, 2015, Plaintiffs were required to serve on the Government and file with the court claim charts for each asserted claim of U.S. Patent No. 5,782,431.[1]

---

[1] It has come to the court's attention that as a result of a clerical error in the Clerk's Office, this October 14, 2014 Scheduling Order was not properly filed into the docket of this case. This error is harmless, however, because the requirement for Plaintiffs to file claim charts for each

3

On November 10, 2014, Plaintiffs filed a Motion for Sanctions and a new trial. Dkt. No. 72.

On November 12, 2014, the court ordered that the Clerk of Court file Plaintiffs' October 17, 2014 Motion as a Reply to the Government's October 7, 2014 Response to Plaintiffs' August 1, 2014 Motion For *En Banc* Summary Judgment. Dkt. No. 73.

On November 12, 2014, Plaintiffs filed a Reply to the Government's October 2, 2014 Response. Dkt. No. 74.

On December 2, 2014, the Government filed an Opposition To Plaintiffs' November 10, 2014 Motions for Sanctions and a Motion for a New Trial. Dkt. No. 75.

On December 17, 2014, Plaintiffs filed a Reply to the Government's December 2, 2014 Opposition. Dkt. No. 76.

On January 29, 2015, Plaintiffs were ordered to serve on the Government and file with the court claim charts for each asserted claim of U.S. Patent No. 5,782,431. Dkt. No. 77. The January 29, 2015 Order To Show Cause stated:

> This litigation cannot proceed without effective claim construction. Thus, Plaintiff is ordered to show cause why this case should not be dismissed in light of his failure to comply with the court's October 14, 2014 Order. Plaintiff will file a Response to this Order, along with his claim construction charts, no later than March 16, 2015. If no Response is filed, the court will dismiss this case. *See* Rule 41(b) of the United States Court of Federal Claims ("If the plaintiff fails to prosecute or to comply with these rules or a court order, the court may dismiss on its own motion . . . the action[.]").

*Id.*

Plaintiffs have not filed a Response to the court's January 29, 2015 Order To Show Cause, nor have they shown cause why this case should not be dismissed. As such, given the Plaintiffs' failure to prosecute, the Clerk of Court is directed to **dismiss** this case, with prejudice. *See Link v. Wabash R. Co.*, 370 U.S. 626, 629–30 (1962) (footnote omitted) ("The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases[.]").

**IT IS SO ORDERED.**

SUSAN G. BRADEN
Judge

---

asserted claim of U.S. Patent No. 5,782,431 was repeated in the court's January 19, 2015 Order to Show Cause.